Griffith, J.
This is an action in mandamus originating in this court, whereby relator, Paul W. Welsh, seeks to compel respondent State Medical Board of Ohio to restore to him his license to practice hydrotherapy. In his petition, relator alleges that his license was originally issued to him in 1916, and that in 1933 the board revoked such license solely upon the record of a justice of the peace finding relator guilty of the illegal practice of medicine. He alleges further that in 1951 the Court of Common Pleas of Lake County, in actions brought by relator, ordered the justice-of-the-peace records in each case corrected so as to show an entry of a plea of not guilty to the charges against him and no trial had, and that any entry showing a plea or finding of guilty be stricken from the records. It should be noted also that relator alleges that this matter has been before the board at various times since the revocation of the license, and the board has refused to reinstate it.
In its answer, the board admits the issuance and revocation of relator’s licenses. The board urges as a matter of affirmative defense that relator was convicted again of illegal *137 practice in 1953. It urges further that, pursuant to a court order, the board in 1957 had a hearing on the question of the restoration of relator’s license and denied thp_ application. That order was appealed from to the Court of Common Pleas, and the judgment of the Court of Common Pleas was appealed from to the Court of Appeals, each court affirming the order of the board denying restoration of relator’s license. A motion to certify the record was overruled by this court on June 8, 1960.
By his reply relator specifically denies his 1953 conviction and enters a general denial which puts in issue the 1957 proceedings of the board. He alleges that the controlling issue is whether his license was revoked according to law.
The primary contention of relator is that inasmuch as the revocation of his license in 1933 was based upon the record of his convictions for the illegal practice of medicine, which convictions were ordered expunged from the record by the order of the Court of Common Pleas of Lake County in 1951, the basis for the revocation of his license was removed, and, therefore, he now is entitled to the restoration thereof.
The board by branches four and five of its answer contends that this question was adjudicated in the prior proceedings held before the board in 1957, which proceedings were appealed through the various courts culminating in the denial of a motion to certify the record in this court. In other words, the board is urging the affirmative defense of res judicata.
Although the Attorney General alleges res judicata, for some reason best known to himself, he failed to introduce evidence to support such affirmative defense. His error of omission was fortuitously cured by counsel for relator during the oral argument of this case. In response to a question from the bench, relator’s attorney conceded that the opinion in Welsh v. Ohio State Medical Board, 111 Ohio App., 79, was an accurate portrayal of the proceedings and facts set forth therein. That case was the appeal from the action of the board in 1957, denying relator reinstatement of his license. An examination of the opinion in that case shows that the same issues between the same parties were raised and determined in that case as are presently being urged in this action in mandamus.
It would serve no useful purpose at this time to discuss *138 the various issues raised by relator in this case; such issues were raised and thoroughly considered in the exhaustive opinion of the court in Welsh v. Medical Board, supra (111 Ohio App., 79), and, of course, were considered by this court on the motion to certify the record in that case. A clear case of res judicata is presented, and the writ of mandamus is denied on that ground.

Writ denied.

Tart, C. J., Zimmerman, O’Neill, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.